UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NIHAL ERKAN, on behalf of herself and all others similarly situated,

            Plaintiff,

v.

ERSTWHILE JEWELRY CORP.,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

1:23-cv-6977-BMC

**PLAINTIFF'S MEMORANDUM REGARDING SUPPLEMENTAL JURISDICTION AND PLAINTIFF'S DEMAND FOR A JURY TRIAL**

Pursuant to the Court's March 5, 2024, Minute Entry and Order for Pretrial Conference, Plaintiff Nihal Erkan ("Plaintiff" or "Ms. Erkan") submits this Memorandum Regarding Supplemental Jurisdiction and Plaintiff's Demand for a Jury Trial.

//

i

I.      **INTRODUCTION AND BACKGROUND**

Ms. Erkan is a visually impaired individual who has been declared legally blind. She faces day-to-day difficulties beyond that of the average American, which difficulties are made all the heavier to bear when entities offering goods and services to the public fail to abide by federal legislation intended to prevent discrimination against those who live with disabilities. This is just such a case. Between at least September 2023, and December 2023, amongst other possible dates, Ms. Erkan attempted, on multiple occasions, to utilize Defendant Erstwhile Jewelry Corp.'s ("Defendant" or "Erstwhile") published webpage to obtain information about Defendant's products offered for sale, descriptions and prices of the products offered for sale on the webpage, showroom location and hours of operation, compare prices and benefits, and learn about the goods and services offered by Defendant. *See* Class Action Complaint and Demand for Jury Trial [Dkt. No. 1, the "Complaint"], ¶ 36. Ms. Erkan's efforts were thwarted by the design of Defendant's website, which was not accessible to the visually impaired, and which denied Ms. Erkan full and equal access to the enjoyment of Defendant's goods, benefits, and services as provided to the rest of the public. *Id.*, ¶¶ 38-42.

After Plaintiff's initial visits to the Defendant's website on September 9, 2023 and September 10, 2023, on September 21, 2023, this well-deserved lawsuit followed. *See generally*, the Complaint. Therein, Ms. Erkan asserted – on behalf of herself and others similarly situated – claims against Defendant for injunctive relief under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, as well as for compensatory and statutory damages under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law Article 15 (Executive Law § 292, *et seq.*), the New York State Civil Rights Law ("NYSCRL"), NY CLS Civ R, Article 4 (CLS Civ R § 40, *et seq.*), and the New York City Human Rights Law ("NYCHRL"), N.Y.C.

1

Administrative Code § 8-102, *et seq.* Ms. Erkan's Complaint included an explicit, underlined "DEMAND FOR JURY TRIAL" in the heading. *See* Complaint, pg. 1.

On March 5, 2024, the parties attended a Pretrial Conference wherein the Court indicated that it did not wish to empanel a jury for Ms. Erkan's claims. The undersigned reiterated Ms. Erkan's jury demand and the Court indicated that it was considering *sua sponte* declining jurisdiction over the New York State and City claims, severing the ADA claim and proceeding with a bench trial. The undersigned objected, and the Court ordered the undersigned to file this Memorandum regarding the Court's discretion to decline supplemental jurisdiction in order to avoid a jury trial.

For the reasons described below, Ms. Erkan respectfully requests that the Court maintain supplemental jurisdiction over her state and local claims.

## II.     LEGAL DISCUSSION

"The exercise of supplemental jurisdiction by federal courts is governed by 28 U.S.C. § 1367." *Oladokun v. Ryan*, No. 06 cv 2330 (KMW), 2011 U.S. Dist. LEXIS 109638, at *24 (S.D.N.Y. Sep. 27, 2011).

> The statute provides that, with several exceptions not relevant here, in any civil action in which a federal court has jurisdiction over a federal claim, the court "shall have supplemental jurisdiction over all other claims that are so related [to the federal claim] . . . that they form part of the same case or controversy."

*Id.*, at *24-25 (quoting 28 U.S.C. § 1367(a)).

> Even where this condition is satisfied, however, district courts may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

*Oladokun*, 2011 U.S. Dist. LEXIS 109638, at *25 (quoting 28 U.S.C. § 1367(c)).

Enacted in 1990, 28 U.S.C. § 1367 has its origins in the doctrine of pendent jurisdiction, discussed in detail by the Supreme Court in *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-29, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966). The Court in Gibbs emphasized that supplemental jurisdiction is rooted in

> considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims. . . . Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.

383 U.S. at 726; *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).

Determining whether to exercise supplemental jurisdiction over a state law claim requires district courts to answer three questions.

> **First**, the court must examine whether the state claim is part of the same case or controversy as the federal claims, such that it is within the mandatory supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a). **Second**, the court must determine whether the claim falls within one of the circumstances specified in 28 U.S.C. § 1367(c) that allow the Court to decline to exercise supplemental jurisdiction. **Third**, the court must evaluate whether the values of judicial economy, convenience, fairness, and comity support retaining jurisdiction or dismissing the claim.

*Oladokun*, 2011 U.S. Dist. LEXIS 109638, at *26 (emphasis added) (citing *Gibbs*, 383 U.S. at 726-27 (1966); *Bu v. Benenson*, 181 F.Supp. 2d 247, 251 (S.D.N.Y. 2001) (Lynch, J.)).

Ms. Erkan's state and city claims against Defendant unquestionably arise out of the same "common nucleus of operative fact" as her ADA claim. The Court has federal question jurisdiction over Ms. Erkan's ADA claim, and therefore has supplemental jurisdiction over Ms. Erkan's state and city claims under 28 U.S.C. § 1367(a).

None of the first three § 1367(a) factors are even facially applicable here. There are no "novel or complex issues of State law" raised by Ms. Erkan's state and city claims, and those claims do not "substantially predominate" over the ADA claim. Indeed, the state and city claims

3

raised in Ms. Erkan's Complaint generally mirror the ADA's language, with minor differences and the additional of compensatory and statutory damages for violations. And the Court has not dismissed all of Ms. Erkan's federal claims. *See Kegun Chen v. Oceanica Chinese Rest., Inc.*, No. 13-CV-4623 (NGG) (PK), 2018 U.S. Dist. LEXIS 140925, at *8 (E.D.N.Y. Aug. 17, 2018) ("In order to trigger the § 1367(c)(3) exception to supplemental jurisdiction, the court [] must have dismissed all federal claims arising out of a common nucleus of operative fact with the remaining state claims.").

Ms. Erkan respectfully contends that there are no "other compelling reasons for declining jurisdiction" which rise to the level of "exceptional circumstances." 28 U.S.C. § 1367(c)(4). At the pretrial hearing, the Court indicated that its primary motivation for considering severing Ms. Erkan's federal and state claims was to avoid empaneling a jury. But severing state law claims which fit perfectly within 28 U.S.C. § 1367(a)'s guidelines for supplemental jurisdiction on such grounds would necessarily result in "'cases with a common nucleus of operative fact [being] split between federal and state courts,' something that runs counter to the purpose of the statute." *Kegun Chen*, 2018 U.S. Dist. LEXIS 140925, at *8 (citing *Oladokun*, 2011 U.S. Dist. LEXIS 109638, at *11).

> This Court's reasoning under § 1367(c)(4) in *Kegun Chen* is apt here:
>
> Here, severing jurisdiction over state NYLL claims and federal FLSA claims would force Plaintiff to litigate in two forums. **This split would leave claims with a common nucleus of operative fact straddled between federal and state courts, something that would inconvenience all parties involved and could lead to wasted judicial resources.** […] The resulting fragmented litigation would […] inconvenience Plaintiff, who would have to invest more resources to litigate claims stemming from the same "common nucleus of operative fact" in two forums. Finally, the interests of judicial economy support consolidating all claims in one proceeding, especially where, as here, the claims involve common evidence arising from the same set of events.

4

*Kegun Chen*, 2018 U.S. Dist. LEXIS 140925, at *11-12 (emphasis added) (citing *Delaney v. Bank of Am.*, 766 F.3d 163, 170 (2d Cir. 2014) (finding that supplemental jurisdiction is proper when claims are based on the same set of events and derive from a common nucleus of operative fact).

Requiring Ms. Erkan to refile her state and city claims – which arise out of the same facts as her ADA claim – in another forum would be incredibly prejudicial to Ms. Erkan, who has litigated the case in front of this Court for nearly six months and expended a commensurate amount of attorneys' fees and costs. If she is required to start over in state court, Ms. Erkan will be forced to wait another indeterminate period of time to vindicate her rights and will be required to expend additional attorneys' fees and costs that she would otherwise not expend.[1] Such a result would not serve the purpose of judicial economy which underpins 28 U.S.C. 1367.

### III.  CONCLUSION

For these reasons, Ms. Erkan respectfully requests that the Court maintain supplemental jurisdiction over her state and local claims.

Dated:   Hicksville, New York
         March 11, 2024

Respectfully submitted,

/s/ *Mars Khaimov*

Mars Khaimov, Esq.
Mars Khaimov Law, PLLC
100 Duffy Ave., Suite 510
Hicksville, NY 11801
mars@khaimovlaw.com

---

[1] Ms. Erkan notes that this consideration should prompt Defendant to oppose the Court's proposed severing of Ms. Erkan's claims. Defendant will ultimately be responsible for Ms. Erkan's attorneys' fees and costs under the statutory fee-shifting provisions of the ADA and the state and city claims. If Ms. Erkan is required to duplicate in state court the work already done here in federal court, and Ms. Erkan prevails on her claims, Defendant's bill for her attorneys' fees and costs will double.

5